UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. RILEY,<br><br>Defendant. | CASE NO. CR14-0113JLR<br><br>ORDER |

Before the court is Defendant Michael A. Riley's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). (Mot. (Dkt. # 158).) Mr. Riley is represented by counsel. (*See* CJA Appt. (Dkt. # 157).) As such, Mr. Riley may not file a *pro se* motion unless he complies with the requirements of Local Civil Rule 83.2(b)(5). *See* Local Rules W.D. Wash. LCrR 1(a) (adopting Local Rules W.D. Wash. LCR 83.2(b) for criminal proceedings); *see also id.* LCR 83.2(b)(5) (requiring a represented party that seeks to appear or act *pro se* to "request[] by motion to proceed on his or her own behalf, certif[y] in the motion that he or she has provided copies of the

ORDER - 1

motion to his or her current counsel and to the opposing party, and [receive from the court] an order of substitution by the court terminating the party's attorney"); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981) ("A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel. . . . Whether to allow hybrid representation remains within the sound discretion of the trial judge."); *United States v. Durden*, 673 F. Supp. 308, 309 (N.D. Ind. 1987) (citing *Halbert*, 640 F.2d at 1009) (exercising the discretion to decline to consider a represented criminal defendant's *pro se* motion). The court directs Mr. Riley and his current counsel to discuss Mr. Riley's current situation and the relief he requests.

Because Mr. Riley improperly filed his motion *pro se*, the court STRIKES the second motion for compassionate release (Dkt. # 158) without prejudice to refiling after compliance with the court's Local Rules concerning *pro se* representation.

Dated this 17th day of June, 2020.

JAMES L. ROBART
United States District Judge