UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL A. RILEY,<br><br>                    Defendant. | CASE NO. CR14-0113JLR<br><br>ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE |

## I.    INTRODUCTION

Before the court is Defendant Michael A. Riley's third motion for compassionate release.  (3d Mot. (Dkt. # 181); *see also* Reply (Dkt. # 189).)  Plaintiff the United States of America ("the Government") opposes Mr. Riley's motion.  (Resp. (Dkt. # 185).)  The court has considered Mr. Riley's motion, the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Riley's motion.

ORDER - 1

## II.   BACKGROUND AND ANALYSIS

Mr. Riley is currently detained at FCI-Terminal Island.  (*See* Resp. at 1.)  He is serving a 15-year sentence for drug trafficking and possession of a firearm in furtherance of drug trafficking.  (*See* Judgment (Dkt. # 123.)  His projected release date is May 22, 2027.  (*See* Resp. at 1.)  The court discussed the background of this case in detail in its orders denying Mr. Riley's first and second motions for compassionate release and does not repeat that background here.  (*See* 4/10/20 Order (Dkt. # 153) (denying Mr. Riley's first motion); 11/4/21 Order (Dkt. # 172) (denying Mr. Riley's second motion).)

Mr. Riley first moved for compassionate release on March 24, 2020.  (*See* 1st Mot. (Dkt. # 142).)  He argued that the COVID-19 pandemic in combination with his underlying health conditions presented "extraordinary and compelling" reasons to reduce his sentence to time served.  (*See* 1st Mot. (Dkt. # 142) at 2.)  The court denied the motion after concluding, in relevant part, that Mr. Riley failed to demonstrate that the Bureau of Prisons ("BOP") was failing to adequately manage his health conditions.   (*See* 4/10/20 Order at 14.)  Mr. Riley moved again for compassionate release on October 21, 2021.  (2d Mot. (Dkt. # 162).)  The court again denied the motion after concluding, in relevant part, that Mr. Riley had not shown that the BOP was failing to adequately manage his health conditions.  (11/4/21 Order at 7-9.)

Mr. Riley now moves again for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (*See generally* 3d Mot.)  The court has authority under that statute to reduce Mr. Riley's sentence if he satisfies his burden to show that (1) he exhausted his administrative remedies; (2) "extraordinary and compelling reasons" justify a reduction;

(3) a reduction is consistent with Sentencing Commission policy statements; and (4) the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

Mr. Riley argues that he is entitled to relief based on "extraordinary and compelling circumstances arising from serious medical needs, the risks posed by continued confinement, and the uniquely difficult conditions of custody given his health status." (3d Mot. at 1.) The court has reviewed Mr. Riley's motion and accompanying declarations (*see generally id.*), along with Mr. Riley's 2025 BOP medical records (*see* Medical Records (Dkt. # 187) (sealed).) Although the court is sympathetic to and does not intend to minimize Mr. Riley's health concerns, it nevertheless concludes that Mr. Riley has not met his burden to establish extraordinary and compelling reasons justifying compassionate release. In addition, the court concludes that the 18 U.S.C. § 3553(a) factors do not weigh in favor of a reduction in Mr. Riley's sentence. Accordingly, the court DENIES Mr. Riley's third motion for compassionate release.

### III.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Riley's third motion for compassionate release (Dkt. # 181).

Dated this 19th day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 3